# FILLMORE CITY v. FILLMORE ROLLER MILL COMPANY.

No. 1960.  Decided August 25, 1909 (103 Pac. 967).

1. WATERS AND WATER COURSES—DAMS—CONSTRUCTION. Neither at common law nor under Comp. Laws 1907, section 1288x30, providing that when two or more persons, etc., are associated by agreement or otherwise in the use of any dam, canal, ditch, etc., each of them shall be liable to the other for the reasonable expense of maintaining the same in proportion to his share or ownership of the water to which he is entitled, may a party be compelled to contribute to the expense of replacing a dam, or

the construction of a ditch, unless such new dam or ditch accomplishes the same results as the one affected or destroyed. (Page 343.)

2. JUDGMENT—CONFORMITY TO PLEADING. Under the rule that the findings and judgment must be based on the pleadings and evidence, where the complaint in an action for contribution to the expense of repairing a dam declared on an implied agreement, a judgment based on an express agreement cannot stand. (Page 345.)

APPEAL from District Court, Fifth District; *Hon. Joshua Greenwood,* Judge.

Action by Fillmore City against Fillmore Roller Mill Company.

Judgment for plaintiff. Defendant appealed.

REVERSED AND REMANDED WITH DIRECTIONS.

*D. D. Houtz* and *J. S. Giles* for appellant.

*King & Burton* and *J. A. Melville* for respondent.

FRICK, J.

The respondent, after stating its corporate capacity and that of appellant, in substance, alleged that respondent and appellant for more than thirty years had been associated as "tenants in common in the use of a dam and canal or ditch, said dam being commonly known as the 'City Dam,' and situate in what is commonly known as 'Chalk Creek,' about one mile east of Fillmore City, in Millard County, Utah, and said canal or ditch leading from said Chalk Creek at a point about six feet east of said dam down to and through said Fillmore City;" that the waters of said creek are diverted by means of said dam to be used, and are used, by the respondent and appellant; that the interest of respondent in said dam, ditch, and water is two-thirds, and that of appellant is one-third; that appellant used its proportion of the water and said canal to generate power to operate a

flour mill; that in the years 1905 and 1906 freshets occurred in said creek by which said dam was washed away; that it became necessary to replace the same, and to remove from said canal or ditch the dirt and debris left therein by said freshets; that respondent necessarily expended the sum of $609.26 in rebuilding said dam and in cleaning said canal or ditch; that rebuilding said dam and cleaning said canal or ditch inured to the benefit of appellant; and that, although the appellant had been requested to do so, it had failed and refused to pay its proportion of the cost of rebuilding said dam and cleaning said canal, amounting to the sum of $203.09, the same being one-third of the whole amount expended by respondent for the purposes aforesaid. Upon these allegations respondent prayed judgment for the amount aforesaid, and for costs. Appellant, in its answer, admitted that it and respondent were tenants in common in the use of the dam and ditch or canal, and in the use of the waters of the creek mentioned. After making certain denials, appellant, in substance, alleged in its answer that respondent and appellant were co-tenants as alleged in the complaint, and had maintained a dam in said creek and a ditch or canal as aforesaid; that they had contributed towards the maintenance thereof in the proportions of one-third by appellant and two-thirds by respondent, and that the dam and ditch so used and maintained were not affected by the freshets referred to by respondent in its complaint, but that the original dam and canal were always sufficient to divert the waters from said creek; that in the years 1905 and 1906 respondent attempted to construct a dam and a canal at a point other than the one where the original dam and canal were constructed; and that the dam and canal pretended to have been constructed by respondent as aforesaid were useless and of no benefit to appellant. The case was tried to a jury, which resulted in a verdict in favor of respondent, and appellant presents the record to this court for review on appeal.

The principal error complained of is the following: At the trial respondent was permitted to prove that in the years

1905 and 1906 portions of the old dam were washed out; that respondent had constructed a new dam about one hundred feet below the point where the old dam was located, and, further, that respondent had also constructed a new canal or ditch about two hundred feet in length which diverted the water at the new dam to the old or original ditch. Appellant objected to all of this evidence upon the ground that it was not within the issues, and was, in effect, an attempt to recover for the cost of erecting a dam other than the one mentioned in the complaint. Counsel for respondent contended that it was a question of fact, and was for the jury to say whether the dam for the construction of which a recovery was sought in this action was in effect the same dam, although constructed at a point different from the one at which the old dam was constructed as alleged in the complaint. To this contention appellant answered that it had no easement or rights in the portion of the canal or ditch leading from the new dam to the old ditch, and, further, that the new dam did not divert the water into the canal or ditch at the point where the old dam was located, and that respondent attempted to compel appellant to pay for the maintenance of a ditch and dam in which appellant has no rights because it has no right or easement in or to the new ditch or canal or the land on which it is constructed, and that this is likewise true with respect to the place where the new dam is located.

The claim of appellant seems to be conceded. At least, we do not find that it is controverted by respondent. Respondent, however, insists that it does not appear that the new dam and ditch are not located on goverment ground, and, if this were so, the law would afford appellant the rights it now claims it does not possess. Be that as it may, it is clear that the action is based on section 1288x30, Comp. Laws 1907, as this section was amended by Laws 1903, p. 103, c. 100, sec. 59 and Laws 1905, p. 162, c. 108, sec, 59. Prior to these amendments the section did not apply to dams, as appears from section 1280, Rev. St. 1898. It also appears from both the complaint and answer that the

arrangement between the parties to this action antedated section 1280, *supra*. If we assume, however, that parties were liable for contribution at common law, or that the statute included prior and existing agreements, the question still arises whether a co-tenant can be compelled to contribute either at common law or under the statute for expense incurred in replacing a dam or in constructing a ditch at a point other than where the original dam or ditch was constructed. The liability, whether at common law or under the statute, is based upon an implied agreement the consideration for which is beneficial use. The cause of action set forth in the complaint is based entirely upon this implied agreement, and for the dam and ditch described in the complaint.

At the trial, the court, over appellant's objections, permitted respondent to prove that it had constructed a dam and ditch at a point other than where the originals were constructed and as described in the complaint. More than this, the court also permitted respondent, over appellant's objection, to adduce evidence of an express agreement by appellant to contribute to the expense of rebuilding the dam and ditch at the new point in the absence of any allegation in the complaint upon which such evidence could be based. If it be conceded, therefore, that an implied agreement to contribute, either at common law or under the statute is not limited to the reparation or rebuilding of the original dam and ditch at the place where originally constructed, it is nevertheless true that in this case the complaint states a cause of action based upon an implied agreement, while the verdict and judgment in all probability are based upon an express agreement to contribute to the expense of erecting a new dam and constructing a new ditch. If the judgment is not based upon an express agreement, it is not based upon anything. We are not prepared to subscribe to the doctrine that either at common law or under the statute of this state a party may be compelled to contribute to the expense of replacing a dam or the construction of a ditch unless such new dam or ditch to all intents

and purposes accomplishes the same results and answers the same purposes of the one affected or destroyed. The question whether the new ones do this must, in the nature of things, be a question of fact, and not of law. But if one of the parties constructs a dam or ditch at a new place, and desires to compel his co-tenant to contribute, it would seem that in bringing the action the plaintiff should allege the facts with respect to why the dam or ditch was constructed at the new point, and, further, state the reasons why the new place is the proper one, and that it will answer the purpose of the original one, and in this way afford the defendant an opportunity to raise an issue upon this question which the court and jury can intelligently pass upon. If a party may reconstruct a dam a hundred feet down the stream, and may likewise divert the water from a ditch other than the original one upon the original implied agreement, we cannot see why he could not recover, although the reconstructed dam and ditch were a mile from the old point. The real difficulty, however, disclosed by the record in this case is that a recovery is in effect permitted under an express agreement, while the complaint is based upon an implied one. While respondent's counsel in effect admit that such is the case, they strenuously assert that the question is merely one of variance, and that the variance in this case is not prejudicial, and hence not fatal. It is further contended that the appellant had notice of respondent's claim, and that this is made apparent from the answer, in which the fact is alleged that the new dam was constructed at a point other than where the old dam had been. If we should follow counsel's logic to its legitimate conclusion, then when a defendant pointed out in his pleadings or evidence that the claim of the plaintiff was not well founded, because it was for a matter for which defendant was not liable, the plaintiff could always urge against the defendant that what the plaintiff claimed in his complaint was well known to the defendant, and hence the defendant could not complain. It could always be contended, as it is contended in this case, that the defendant had notice of the nature of

plaintiff's claim, and hence the judgment should stand whether based upon the claim described in the complaint or upon one first presented at the trial. We cannot assent to such a doctrine. It is elementary that the pleadings define the issues, and determine the evidence that may be produced in support of them, and that the findings and judgment must be based upon the pleadings and evidence. There is no competent evidence in this record that we can find which sustains the allegations of the complaint. The complaint necessarily is the basis for both the evidence and the judgment, and, while the evidence sometimes and under certain circumstances may be broader than the allegations of the complaint without necessarily being fatal to the judgment based thereon, yet we know of no principle of law or pleading that permits a judgment to stand unless it finds support in the pleadings. The question before us is not one merely of an immaterial variance, but it is whether the complaint may declare upon an implied agreement which is not supported by the evidence, while the judgment is based, if it has any support at all, upon an express agreement. If such a judgment can be permitted to stand, then the pleadings no longer predetermine and define the issues, nor need they state the nature of the cause of action or defense, but can just as well be dispensed with. We cannot lend our support to any such doctrine.

From what has been said the other errors complained of cannot arise in the same way at another trial if there be one. The judgment is reversed and the cause remanded, with directions to the district court to grant a new trial, and to permit the parties to amend their pleadings if they are so advised, and to proceed with the case in accordance with the views herein expressed. Appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.